IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, THE CHICAGO LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND and CATHERINE WENSKUS, Assistant Administrator of the Funds, <br><br>  Plaintiffs, <br><br> v. <br><br> ONSITE CONSTRUCTION SERVICES, INC., an Indiana corporation, <br><br> Defendant. | Case No. 17 C 8497 <br><br> Judge |

## COMPLAINT

Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, the Chicago Laborers' District Council Retiree Health and Welfare Fund, and Catherine Wenskus, Assistant Administrator of the Funds (hereinafter collectively "Funds"), by their attorneys, Patrick T. Wallace, Jerrod Olszewski, Amy N. Carollo, G. Ryan Liska, Katherine C. Mosenson and Kelly Carson Burtzlaff for their Complaint against Defendant Onsite Construction Services, Inc.:

### COUNT I

### (Failure to Timely Pay Employee Benefit Contributions)

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and

(2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and federal common law.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3. The Funds are multiemployer Trusts established pursuant to Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds maintain their respective Plans, which are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and 37(A), pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. The Funds have offices and conduct business within this District.

4. Plaintiff Catherine Wenskus is the Assistant Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Wenskus is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5. Defendant Onsite Construction Services, Inc. (hereinafter "Company") conducts business within this District and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

2

6. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and Company have been parties to a collective bargaining agreement, which became effective July 18, 2017. ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and Company which Agreement adopts and incorporates Master Agreements between the Union and various employer associations, and also binds Company to Funds' respective Agreements and Declarations of Trust is attached hereto as Exhibit A.)

7. The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Builders Association ("BAC"), Chicago Area Independent Construction Association ("CAICA"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Industry Advancement Fund ("IAF"), and the Laborers' District Council Labor Management Committee Cooperative ("LDCLMMC"), to act as an agent in the collection of contributions due to those funds.

8. The Agreement and the Funds' respective Agreements and Declarations of Trust obligate Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement and the Funds' respective

(c) failed to submit reports and contributions owed to Plaintiff Laborers' District Council Retiree Health and Welfare Fund of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of July 2017 forward, thereby depriving the Retiree Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(d) failed to submit reports and contributions to Laborers' Training Fund for the period of July 2017 forward, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries; and

(e) failed to report and pay all contributions owed to one or more of the other affiliated funds identified above for the period of July 2017 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries.

12. Company's actions in failing to submit timely reports and contributions violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185, and federal common law interpreting ERISA, 29 U.S.C. §1132 (g)(2).

13. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, and the terms of the Agreement and the Funds' respective Trust Agreements, Company is liable to the Funds for delinquent contributions, liquidated damages, interest, audit costs, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Onsite Construction Services, Inc. as follows:

a. ordering Onsite Construction Services, Inc. to submit benefits reports and contributions for the time period of July 2017 forward ;

b. entering judgment in sum certain against Onsite Construction Services, Inc., on the amounts due and owing pursuant to the amounts pleaded in the Complaint, the July 2017 forward reports, if any, including contributions, interest, liquidated damages, and attorneys' fees and costs;

c. ordering Onsite Construction Services, Inc. to obtain and maintain a surety bond in accordance with the terms and conditions of the agreement; and

d. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure To Submit Reports and Pay Union Dues)

14. Plaintiffs reallege paragraphs 1 through 13 of Count I as though fully set forth herein.

15. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees.

16. Dues reports and contributions are due by the 10th day following the month in which the work was performed. Dues reports and contributions which are not submitted in a timely fashion are assessed liquidated damages.

17. Notwithstanding the obligations imposed by the Agreement, Company has performed covered work during the months of July 2017 forward and has failed to withhold and/or report to and forward union dues that were deducted or should have been deducted from the wages of its employees for the period of July 2017 forward, thereby depriving the Union of income and information.

18. Pursuant to the Agreement, Company is liable to the Funds for the unpaid union dues, as well as liquidated damages, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant Onsite Construction Services, Inc.:

a. ordering Onsite Construction Services, Inc. to submit its July 2017 forward reports and contributions;

b. entering judgment in sum certain against Onsite Construction Services, Inc. on the amounts due and owing, if any, as revealed by the reports to be submitted, including dues contributions, liquidated damages, and attorneys' fees and costs; and

c. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

November 22, 2017

Respectfully submitted,

LABORERS' PENSION FUND, et al.

By: /s/ G. Ryan Liska

Laborers' Pension and Welfare Funds
Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540



# CONSTRUCTION & GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY

AFFILIATED WITH THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA

999 McCLINTOCK DRIVE • SUITE 300 • BURR RIDGE, IL 60527 • PHONE: 630/655-8299 • FAX: 630/655-8653

## INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between **Onsite Construction Services Inc** ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1035, 1092, together with any other Local Unions that may come within its jurisdiction ("Local Unions"), and encompassing the geographic areas of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that:

1. **Recognition.** [text continues]

2. **Labor Contract.** [text continues]

3. **Total economic increase.** The Employer shall pay its employees a total economic increase of $1.90 per hour effective June 1, 2013; $2.00 per hour effective June 1, 2014; $2.05 per hour effective June 1, 2015; and $2.10 per hour effective June 1, 2016...

4. **Checkoff Deductions and Remittances.** [text continues]

5. **Work Jurisdiction.** [text continues]

6. **Subcontracting.** [text continues]

7. **Fringe Benefits.** [text continues]

8. **Contract Enforcement.** [text continues]

9. **Successors.** [text continues]

10. **Termination.** This Agreement shall remain in full force and effect from June 1, 2013 (unless dated differently below) through May 31, 2017, and shall continue thereafter unless there has been given written notice, by certified mail by either party hereto, received no less than sixty (60) nor more than ninety (90) days prior to the expiration date...

11. **Execution.** [text continues]

Dated: 7-18-17, 2017

ACCEPTED:
Laborers' Local Union No. 4

By: [signature]

CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: [signature] James P. Connolly, Business Manager

By: [signature] Charles LoVerde, Secretary-Treasurer

For Office Use Only: CA-ICA*

Effective June 1, 2013

**Onsite Construction Services Inc** (Employer)

FEIN No.: 82-0789481

By: Kevin O'Hare   CEO
(Print Name and Title)

[signature]

416 Jefferson (Address)

Chesterton IN 46304 (City, State and Zip Code)

312-723-8060 (Telephone/Fax)

Kevin@onsiteconstructionservicesinc (Email Address)

.CDK

RECEIVED SEP 28 2017

EXHIBIT A

WHITE - LOCAL UNION  •  CANARY - TRUST FUND  •  PINK - DISTRICT COUNCIL  •  GOLD - EMPLOYER